ACCEPTED
15-25-00142-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
9/17/2025 2:12 PM
CHRISTOPHER A. PRINE
CLERK

**CAUSE NO. 15-25-00142-CV**

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
9/17/2025 2:12:33 PM
CHRISTOPHER A. PRINE
Clerk

IN THE COURT OF APPEALS FOR THE

FIFTEENTH JUDICIAL DISTRICT OF TEXAS

ROBERT EDWARD BATTAILE, Appellant

v.

TEXAS ELECTIONS DIVISION; HON. JANE NELSON; TEXAS SECRETARY

OF STATE, ET AL., Appellees

On Appeal from the 459th District Court,

Travis County, Texas ~ Trial Court Cause No. D-1-GN-25-000719

**APPELLANT'S RESPONSE TO JURISDICTIONAL INQUIRY**

**Introduction**

On September 15, 2025, the Clerk of this Court requested that Appellant explain

(1) how jurisdiction exists over trial court orders signed May 27, 2025, and June

10, 2025, and (2) how Appellant's June 20, 2025 notice of appeal is timely as to

the May 27 orders.

Jurisdiction is proper here for four reasons: (a) multiple governmental pleas to the

jurisdiction were granted, which are independently appealable under Tex. Civ.

Prac. & Rem. Code § 51.014(a)(8); (b) several defendants were dismissed with prejudice, constituting final adjudications as to them; (c) the June 20 notice of appeal was timely as to the June 10 orders and within TRAP 26.3's grace period for the May 27 orders, especially given defective service under Rule 306a; and (d) the fractured and incomplete record—including missing transcripts, improper notice, lack of adequate time for review with six different judges across six hearings—precludes any finding of finality under *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191 (Tex. 2001).

## I. Jurisdiction Exists Under § 51.014(a)(8): Governmental Pleas to the Jurisdiction Were Granted

Texas law is explicit:

**Tex. Civ. Prac. & Rem. Code § 51.014(a)(8):**

"A person may appeal from an interlocutory order of a district court, county court at law, or county court that … **(8) grants or denies a plea to the jurisdiction by a governmental unit as that term is defined in Section 101.001.**"

On May 27, 2025, the trial court granted pleas to the jurisdiction filed by **Hon. Jane Nelson, Secretary of State of Texas**, and **Commissioner Jeffrey Travillion**

**(Travis County)**. Both are "governmental units" under § 101.001(3). An order granting such a plea is immediately appealable, even if other claims remain pending.

This case arises from an **Election Contest under Tex. Elec. Code § 231.009**, which by statute requires priority handling. The pleas to the jurisdiction granted to the Secretary of State and to a County Commissioner cut directly against the Legislature's command for expedited review of election cases. For that reason alone, this Court's jurisdiction must be upheld.

## II. Short List of Dismissals Clarifies Which Are Final and Which Are Interlocutory

Texas Secretary of State (Hon. Jane Nelson) - Dismissed with Prejudice - May 27th - Plea to Jurisdiction - Final as to SOS; appealable under § 51.014(a)(8)

Travis County Commissioner, Jeffrey Travillion - Dismissed with Prejudice - May 27th - Plea to Jurisdiction - Final as to Travillion; appealable under § 51.014(a)(8)

Legacy Performance Capital LLC - Dismissed WITHOUT Prejudice - June 10, 2025 -Motion to Dismiss - Constructive denial of injunction; appealable

Other defendants (Monarch Ranch, HEB, MC Retail, etc.) - May - June 2025 - Rule 91a dismissals - some final; some unresolved

**III. The Legacy Performance Capital Order Implicates Cemetery Desecration and Irreparable Harm**

**A. Context and police reports ignored**

The June 10, 2025 order dismissed Appellant's claims against **Legacy Performance Capital** *without prejudice*. These claims concern development adjacent to the historic **1906 Martin McVey Cemetery**, deeded "for a cemetery lot" in Travis County records.

Appellant twice filed police reports alleging cemetery desecration and misuse of city funds and staff to clear a private developer's lot. Both were ignored.

**B. Irreparable harm requires injunctive relief**

Cemetery desecration cannot be remedied by damages. Once gravesites are disturbed, the harm is permanent. Texas courts consistently hold that destruction of historic and cemetery property constitutes **irreparable injury** warranting injunction. *City of Dallas v. Stewart*, 361 S.W.3d 562, 572 (Tex. 2012).

Dismissal without prejudice in this posture operates as a **denial of injunctive**

**relief** and is appealable.

## IV. Timeliness: Notice Filed Within Accelerated Deadline, Grace Period, and Rule 306a

- **June 10, 2025 order** → Notice filed June 20, 2025 (10 days later) = timely under TRAP 26.1(b).

- **May 27, 2025 orders** → Nominal deadline June 16, 2025; notice filed June 20 (4 days late) = within TRAP 26.3's **15-day grace window**. *Verburgt v. Dorner*, 959 S.W.2d 615, 616–17 (Tex. 1997).

- **Rule 306a delayed notice** also applies. Notice of the May 27 orders was defective, with filings re-sent May 21 "in an abundance of caution." Opposing counsel had already used Appellant's correct email address but reverted to an outdated one, demonstrating scienter.

**Supplemental Note on Extension Motion**

Appellant has also filed a **Motion for Extension of Time to File Brief** (filed Sept. 12, 2025), together with a proposed order. The request seeks a two-week extension, citing (1) the voluminous clerk's record, (2) preparation of related filings concerning Manor Downs historic racetrack, (3) delays in receiving

reporter's records. Note that the "Online Briefcase" with four out of five hearing transcripts was only fully available Aug. 18, despite the first hearing happened May 13). Ironically, the July 3rd hearing was not recorded at all due to Plaintiff's absence caused by improper notice; and (4) the added burden of pro se status. This motion remains pending but demonstrates diligence and good faith. Jurisdiction should not be denied where Appellant has acted promptly, requested extensions, and consistently preserved his rights.

**V. July 3, 2025 Hearing: Dismissal Without Notice**

One of the most prejudicial events was the **July 3, 2025 hearing**, which Appellant did not attend due to lack of notice. He learned of it several days later from a visit to the clerk's office. By then, dismissals with prejudice and attorney's fees had already been entered.

This episode underscores both opposing counsel's scienter—having used the correct email address on other filings—and systemic service failures. The July 3 dismissal was the only order awarding attorney's fees, and no transcript exists. For a litigant who is bringing this cause against "courts of no record," it is a cruel irony to be bested by the same defect in district court. The absence of notice and a

record renders the July 3 orders constitutionally defective. *Heights Medical Center v. Estate of E.H.*, 492 S.W.2d 559 (Tex. 1973).

**VI. Six Hearings, Six Judges, No Meaningful Review**

This case cycled through **six judges** in as many hearings. Judicial review of 400+ pages of filings was effectively non-existent. Judge Mangrum remarked she "couldn't go against" Judge Soifer's prior rulings, indicating lack of independent review. Judge Livingston later stated she "had to be" neutral and rule independently, underscoring inconsistency.

With no written opinions, unresolved motions, and conflicting oral statements, the record is fractured. At least 39 substantive motions remain unaddressed, as Appellant's June 20 Notice of Appeal reflects. Under *Lehmann*, unresolved claims prevent finality, requiring appellate jurisdiction.

**Prayer**

Appellant respectfully asks this Court to:

1   Hold that jurisdiction exists under § 51.014(a)(8) to review the May 27, 2025 governmental dismissals.

2    Recognize dismissals with prejudice as final as to those defendants, and treat the June 10 order as a constructive denial of injunction.

3    Deem the June 20, 2025 notice of appeal timely under TRAP 26.1(b), TRAP 26.3, and/or Rule 306a.

4    Retain jurisdiction and allow this appeal to proceed to the merits, or abate for Rule 306a findings if needed.

5    Grant such other and further relief as justice requires, including injunctive preservation of historic cemetery property.

Respectfully submitted on September 17, 2025 by,

/s/ Robert Edward Battaile

Robert Edward Battaile, Pro Se

502 E. Eggleston St., Unit A

Manor, Texas 78653

Robert@manortx.us

512-662-2955

**Certificate of Conference**

Appellant certifies that many appellees were only added in recent days, but from his first filing and in each hearing he has repeatedly requested mediation, which has not been accepted.

**Certificate of Service**

I certify that a true and correct copy of this Response was served on all counsel of record on September 17, 2025, via the Court's electronic service system.

/s/ Robert Edward Battaile

Robert Battaile, Plaintiff Pro Se

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 105716192
Filing Code Description: Response
Filing Description: Response to Jurisdictional Request from Clerk
Status as of 9/17/2025 2:23 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jeffrey Hobbs | 24012837 | jhobbs@abaustin.com | 9/17/2025 2:12:33 PM | SENT |
| Michael Kabat | 24050847 | mkabat@mcginnislaw.com | 9/17/2025 2:12:33 PM | SENT |
| Joanna Salinas | 791122 | joanna.salinas@fletcherfarley.com | 9/17/2025 2:12:33 PM | SENT |
| William Davidson | 5447000 | bdavidson@chmc-law.com | 9/17/2025 2:12:33 PM | SENT |
| Gavin Villareal | 24008211 | gavin.villareal@bakerbotts.com | 9/17/2025 2:12:33 PM | SENT |
| Michael Roberts | 24082153 | mroberts@jw.com | 9/17/2025 2:12:33 PM | SENT |
| Cynthia Veidt | 24028092 | cynthia.veidt@traviscountytx.gov | 9/17/2025 2:12:33 PM | SENT |
| Stephanie Serrano | 24092655 | sserrano@rothberg.law | 9/17/2025 2:12:33 PM | SENT |
| Kevin O'Hanlon | 15235500 | kohanlon@808west.com | 9/17/2025 2:12:33 PM | SENT |
| Patrick Kelly | 11228000 | pat.kelly@traviscountytx.gov | 9/17/2025 2:12:33 PM | SENT |
| Tyler Ryska | 24096597 | tryska@rigbyslack.com | 9/17/2025 2:12:33 PM | SENT |
| Austin Jones | 24116579 | ajones@mcginnislaw.com | 9/17/2025 2:12:33 PM | SENT |
| William Duncan | 24124453 | wduncan@rigbyslack.com | 9/17/2025 2:12:33 PM | SENT |
| Roy Adams | | roy.adams@oag.texas.gov | 9/17/2025 2:12:33 PM | SENT |
| Tristan AGarza | | tristan.garza@oag.texas.gov | 9/17/2025 2:12:33 PM | SENT |
| Lauren Bush | 24142742 | lbush@jw.com | 9/17/2025 2:12:33 PM | SENT |
| Anna Puff | 24144206 | apuff@sneedvine.com | 9/17/2025 2:12:33 PM | SENT |
| Edward Smith | 24037790 | esmith@808west.com | 9/17/2025 2:12:33 PM | SENT |
| Robert EdwardBattaile | | robert@manortx.us | 9/17/2025 2:12:33 PM | SENT |
| Annette Bittick | | abittick@mcginnislaw.com | 9/17/2025 2:12:33 PM | SENT |
| Patricia Muniz | | paralegal@rigbyslack.com | 9/17/2025 2:12:33 PM | SENT |
| Raylynn Howell | | raylynn.howell@bakerbotts.com | 9/17/2025 2:12:33 PM | SENT |

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 105716192
Filing Code Description: Response
Filing Description: Response to Jurisdictional Request from Clerk
Status as of 9/17/2025 2:23 PM CST

Case Contacts

| Raylynn Howell | | raylynn.howell@bakerbotts.com | 9/17/2025 2:12:33 PM | SENT |
|---|---|---|---|---|
| Kim McBride | | kmcbride@mcginnislaw.com | 9/17/2025 2:12:33 PM | SENT |
| Lea Ohrstrom | | lohrstrom@808west.com | 9/17/2025 2:12:33 PM | SENT |
| Sneed Vine &Perry | | gtwnfilings@sneedvine.com | 9/17/2025 2:12:33 PM | SENT |
| Stormy Downing | | sdowning@rrspllc.com | 9/17/2025 2:12:33 PM | SENT |
| Andy Soule | | asoule@rrspllc.com | 9/17/2025 2:12:33 PM | SENT |
| Karah Powers | | kpowers@chmc-law.com | 9/17/2025 2:12:33 PM | SENT |
| Martha AnnAdams | | madams@abaustin.com | 9/17/2025 2:12:33 PM | SENT |
| Benjamin C. Hunt | | ben.hunt@bakerbotts.com | 9/17/2025 2:12:33 PM | SENT |
| Eldridge Burns | | eburns@rrspllc.com | 9/17/2025 2:12:33 PM | SENT |
| Amy Botelho | | abotelho@mcginnislaw.com | 9/17/2025 2:12:33 PM | SENT |
| Carol Shipley | | cshipley@rrspllc.com | 9/17/2025 2:12:33 PM | SENT |
| Emily Hill | | ehill@manortx.gov | 9/17/2025 2:12:33 PM | SENT |
| Anne Weir | | aweir@manortx.gov | 9/17/2025 2:12:33 PM | SENT |